ELECTRONICALLY FILED
10/11/2017 4:00 PM
55-CV-2017-900139.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| ROY BROOKS, Jr. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLSTATE INSURANCE COMPANY; )<br>ALLSTATE INDEMNITY COMPANY; )<br>JOSEPH NEIGHBORS; AND )<br>FICTITIOUS DEFENDANTS A, B, & C, )<br>)<br>Defendants. ) | CASE NO: CV-2017-_____ |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Roy Brooks, Jr. (hereinafter referred to as "Plaintiff"), is over the age of nineteen years and resides in Pike County, Alabama.

2. Defendant, Allstate Insurance Company (hereinafter referred to as "Allstate Defendants"), is an Illinois corporation doing business in Pike County, Alabama.

3. Defendant, Allstate Indemnity Company (hereinafter referred to as "Allstate Defendants"), is an Illinois corporation doing business in Pike County, Alabama and is a wholly owned subsidiary of Allstate Insurance Company.

4. Defendant, Joseph Neighbors (hereinafter referred to as "Defendant Neighbors"), is over the age of nineteen years and is a resident of Shelby County, Alabama and does business in Pike County, AL. More specifically, Defendant Neighbors is an employee of Allstate Defendants and/or Fictitious Defendants A, B, C and is employed as a claims investigator.

5. Fictitious Defendants "A", "B", & "C," (hereinafter referred to as "Fictitious Defendants") whether singular or plural, is the individual or entity who or which was the insurance provider for the homeowner's insurance policy sold to Roy Brooks.

## STATEMENT OF THE FACTS

6. The Plaintiff, Roy Brooks, purchased a homeowners' insurance policy from Allstate Defendants and/or Fictitious Defendants for the Plaintiff's home located at 907 North Main Street, Brundidge, Alabama 36010.

7. Said homeowners' insurance policy covered fire damage, among other perils, on Plaintiff's home.

8. Branch Banking and Trust Company is listed as the Mortgagee on said insurance policy.

9. Plaintiff had paid all premiums due on said policy to Allstate Defendants and/or Fictitious Defendants.

10. On or about December 7, 2015, Plaintiff's home which was insured with Allstate Defendants and/or Fictitious Defendants was materially damaged by a fire.

11. Plaintiff promptly gave notice of said loss on the insured home to the Allstate Defendants and/or Fictitious Defendants.

12. Subsequent to the aforementioned fire, Defendant Neighbors conducted an investigation of said fire on behalf of the Allstate Defendants and/or Fictitious Defendants.

13. Allstate Defendants and/or Fictitious Defendants denied Plaintiff's claim, alleging

arson based on mere suspicion and with no factual basis.

14. Allstate Defendants' and/or Fictitious Defendants' denial of Plaintiff's claim was based, at least in part, on Defendant Neighbors's investigation report on said claim.

15. To date, Allstate Defendants and/or Fictitious Defendants have not paid the Plaintiff for the fire damage done to his home or for any of the Plaintiff's personal property which was also damaged in the fire. Allstate Defendants and/or fictitious Defendants have also made no attempt to pay off Plaintiff's mortgage with Branch Banking and Trust Company.

## COUNT 1-BREACH OF CONTRACT

16. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 15 above as if fully set forth herein.

17. Plaintiff had a valid and current homeowners' insurance policy with Allstate Defendants and/or Fictitious Defendants when the fire occurred on December 7, 2015.

18. Plaintiff has complied with all of the terms and conditions of said insurance policy, including paying the premiums in a timely manner.

19. Allstate Defendants and/or Fictitious Defendants have breached said insurance policy by failing to pay Plaintiff for losses sustained by Plaintiff and covered under said policy.

20. As a proximate result of this breach of contract, Plaintiff has been injured and damaged by not being able to repair the fire damage to his home and by not being able to replace the damaged contents of his home.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages as a this Court may award, and any other relief available at law or that the Court may allow, plus costs and attorneys' fees.

### COUNT II-NEGLIGENCE

21. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant Neighbors, Allstate Defendants, and/or Fictitious Defendants had a duty to fairly and impartially investigate, evaluate, adjust, and administer Plaintiff's homeowners' insurance policy.

23. Defendant Neighbors failed to properly investigate Plaintiff's loss and failed to indemnify him or pay Branch Banking and Trust Company.

24. The Defendants collectively breached their duty of care owed to Plaintiff by intentionally and/or negligently investigating Plaintiff's claim.

25. As a proximate result of Defendant Neighbor's, Allstate Defendants', and/or Fictitious Defendants' negligence, Plaintiff has been injured and damaged by not being able to repair the fire damage to his home and by not being able to replace the damaged contents of his home.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages as this Court may award, and any other relief available at law or that the Court may allow, plus costs and attorneys' fees.

### COUNT III-BAD FAITH

26. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 25

above as if fully set forth herein.

27. It has been nearly two (2) years since the date of Plaintiff's loss as a result of the fire that occurred on December 7, 2015.

28. In every contract of insurance, there is an implied duty of good faith.

29. There was no factual basis for an allegation that the Plaintiff committed arson.

30. Allstate Defendants, and/or Fictitious Defendants, and Defendant Neighbors breached their duty of good faith by acting arbitrarily and capriciously, without any arguable, debatable reason in failing to pay Plaintiff's claim and Branch Banking and Trust Company.

31. As a proximate result of the bad faith committed by Allstate Defendants, and/or Fictitious Defendants, and Defendant Neighbors, Plaintiff has been injured and damaged by not being able to repair the fire damage to his home and by not being able to replace the damaged contents of his home. Plaintiff has also suffered mental anguish and emotional distress due to the aforementioned bad faith of all Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, and damages for mental anguish and emotional distress as this Court may award, and any other relief available at law or that the Court may allow, plus costs and attorneys' fees.

## COUNT IV-GROSS NEGLIGENCE AND WANTONNESS

32. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 31 above as if fully set forth herein

33. Defendant Neighbors, Allstate Defendants, and/or Fictitious Defendants had a duty to fairly and impartially investigate, evaluate, adjust, and administer Plaintiff's homeowners' insurance policy.

34. Defendant Neighbors failed to properly investigate Plaintiff's loss and failed to indemnify him or pay Branch Banking and Trust Company.

35. Defendant Neighbors wrongfully accused Plaintiff of arson.

36. In addition to wrongfully accusing the Plaintiff of arson, Defendant Neighbors also accused the Plaintiff's daughter of arson.

37. Defendant Neighbors made these arson accusations without any proof or evidence.

38. The Defendants collectively breached their duty of care owed to Plaintiff by intentionally and/or negligently investigating Plaintiff's claim.

39. As a proximate result of Defendant Neighbors, Allstate Defendants, and/or Fictitious Defendants' gross negligence and wantonness, Plaintiff has been injured and damaged by not being able to repair the fire damage to his home and by not being able to replace the damaged contents of his home.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages as a jury may award, and any other relief available at law or that the Court may allow, plus costs and attorneys' fees.

Respectfully submitted this the 11th day of October, 2017.

/s/ John G. Reeves
John G. Reeves (REE071)
Attorney for the Plaintiff

OF COUNSEL:
**CERVERA, RALPH, REEVES, BAKER & HASTINGS LLC**
914 South Brundidge St.
Post Office Box 325
Troy, Alabama 36081
Telephone:   (334) 566-0116
Facsimile:   (334) 566-4073
E-mail:      jgreeves@troycable.net

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

**ALLSTATE INSURANCE COMPANY**
2775 Sanders Road
Northbrook, IL 60062

**ALLSTATE INDEMNITY COMPANY**
3075 Sanders Road Suite H1a
Northbrook, IL 60062

**JOSEPH F. NEIGHBORS**
c/o Allstate Insurance
2600 Corporate Drive
Birmingham, AL 35242